## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| BRYAN REPETTO, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ST. MATTHEW'S UNIVERSITY, INC., )<br>)<br>      Defendant. ) | Civil Action No. _____ |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, and 1446, Defendant St. Matthew's University, Inc. ("St. Matthew's" or "Defendant"), hereby gives notice of the removal of the above-captioned action from the Maine Superior Court, Cumberland County, to the United States District Court for the District of Maine.  As grounds for removal, St. Matthew's states as follows:

1. Plaintiff, Bryan Repetto ("Repetto" or "Plaintiff"), commenced this action by filing a Complaint on or about March 4, 2008 in the Maine Superior Court, Cumberland County, styled <u>Repetto v. St. Matthew's University, Inc.</u>, Docket No. CV-08-128.

2. A copy of the Summons and Complaint was served on Defendant on March 11, 2008.  This Notice is therefore timely filed under 28 U.S.C. § 1446(b).

3. The Complaint seeks damages for breach of contract, negligent misrepresentation, intentional misrepresentation, unpaid wages pursuant to 26 M.R.S. § 626-A, and refund of housing deposit pursuant to 14 M.R.S. § 6034.

3. Removal of this action is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction over the subject matter under 28 U.S.C. § 1332(a), and the state court in which the action was brought is located within the District of Maine.

4. According to the Complaint, Plaintiff no longer resides in Maine:  he currently

resides in California and maintains an address in New Hampshire.  Complaint ¶ 2.  While "allegations of residency are insufficient to establish citizenship for the purposes of 28 U.S.C. § 1332(a)," *Heller v. Allied Textile Cos.*, No. 03-CV-81, slip op. at n.5 (D. Me. July 28, 2003), Plaintiff also alleges that he "is a California native and planned to practice medicine in California."  Complaint ¶ 16.  Taken together, Plaintiff's allegations stating that California was his childhood domicile, that he never intended to permanently settle anywhere else, and that he currently resides in California indicate that he is a domiciliary, and thus a citizen, for purposes of 28 U.S.C. § 1332, of California.

5. St. Matthew's is a citizen of Delaware and a citizen of Florida.  Under 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  St. Matthew's is incorporated in Delaware, and its principal place of business is located in Florida.

6. The parties to this action are completely diverse and St. Matthew's is not a citizen of the State in which this action is brought:  Plaintiff is a citizen of California; St. Matthew's is a citizen of Delaware and Florida.

7. A reasonable reading of the Complaint reveals that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  The Complaint seeks to recover judgment against St. Matthew's in an amount in excess of $200,000.

8. For the foregoing reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and this action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

9. Pursuant to 28 U.S.C. § 1446(d), notice of the filing of this Notice of Removal will be given to all parties in the state court action by filing a Notice of Filing of Notice of Removal, attached hereto as <u>Exhibit A</u>, along with a copy of this Notice of Removal, in the state

court and by service upon Plaintiff in accordance with applicable rules.

10. Pursuant to 28 U.S.C. § 1446(a), a copy of the summons served upon St. Matthew's in the state court action is attached hereto as <u>Exhibit B</u>, and a copy of the complaint served upon St. Matthew's in the state court action is attached hereto as <u>Exhibit C</u>; no additional process, pleadings, and orders have been served upon St. Matthew's in the state court action.

Dated: March 28, 2008

                                            Respectfully submitted,

                                            /s/ Christopher Silva
                                            _____

                                            Christopher Silva (ME Bar No. 8934)
                                            Daryl J. Lapp (Of Counsel, MA Bar No. 554980)
                                            Gail Elise Abbey (Of Counsel, CA Bar No. 248702)
                                            EDWARDS ANGELL PALMER & DODGE LLP
                                            111 Huntington Ave.
                                            Boston, MA 02199-7613
                                            Phone: 617.239.0100
                                            Fax: 617.227.4420

## CERTIFICATE OF SERVICE

  I hereby certify that on March 28, 2008, I electronically filed Notice of Removal with the Clerk of the Court using the CM/ECF system.  A copy of the Notice will be sent via U.S. Mail to:

  Barbara L. Goodwin, Esq.
  Murray Plumb & Murray
  PO Box 9785
  Portland, ME 04104-5085
  (207) 773-5651

Dated:  March 28, 2008

              /s/ Christopher Silva
              _____
              Christopher Silva (ME Bar No. 8934)
              EDWARDS ANGELL PALMER & DODGE LLP
              111 Huntington Ave.
              Boston, MA 02199-7613
              Phone:  617.239.0100
              Fax:  617.227.4420